# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Hartford Fire Insurance Company as subrogee of MT Brunell LLC and Golden Touch Imports, Inc.

**DEFENDANTS**

Broan-NuTone LLC

**(b)** County of Residence of First Listed Plaintiff   Hartford County, CT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Washington County, WI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Melissa E. Kenney, Esq.
White and Williams LLP
1650 Market Street, One Liberty Place, Suite 1800, Philadelphia, PA 19103
215-864-6327

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [x] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(a)(1) and 28 U.S.C. § 1391

Brief description of cause:
Fire caused by ceiling mounted ventilation fan.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 601,266.88

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
5/11/26

SIGNATURE OF ATTORNEY OF RECORD
*Melissa Kenney*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 600 Brighton Street, Fountain Hill, Pennsylvania 18015 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):_____
- ☐ 7. Products Liability
- ☑ 8. All Other Diversity Cases: *(Please specify)* Property Damage, Product Liability _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

HARTFORD FIRE INSURANCE
COMPANY as subrogee of MT BRUNELL
LLC AND GOLDEN TOUCH IMPORTS,
INC.,

                Plaintiff,

    v.

BROAN-NUTONE LLC,

                Defendant.

Civil Action No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Hartford Fire Insurance Company as subrogee of MT Brunell LLC and Golden Touch Imports, Inc., by and through its attorneys, White and Williams LLP, by way of complaint against Defendant Broan-NuTone LLC, state and allege as follows:

## PARTIES

1. Plaintiff Hartford Fire Insurance Company ("Plaintiff" or "Hartford"), proceeding as subrogee of MT Brunell, LLC and Golden Touch Imports, Inc. is an insurance company authorized to issue policies of insurance in the Commonwealth of Pennsylvania that maintains offices at One Hartford Plaza, Hartford, Connecticut 06511.

2. Defendant Broan-NuTone LLC ("Defendant" or "Broan") is a Delaware limited liability company with a principal place of business located at 926 West State Street, Hartford, Wisconsin 53027, and, at all times relevant hereto, was engaged in the business of designing, manufacturing, and distributing electrical appliances, including ventilation fans and lights, throughout the United States, including in Pennsylvania. The sole member of Broan NuTone, LLC is Nortek, Inc., with 100% ownership interest in Broan's business. Nortek, Inc. is a Delaware

corporation with its principal place of business in College Park, Georgia.

## JURISDICTION AND VENUE

3.    Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

4.    Venue is proper in this district based on 28 U.S.C. § 1391 in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

5.    At all times relevant hereto, Hartford provided property and casualty insurance coverage to MT Brunell, LLC ("MT Brunell") and Golden Touch Imports, Inc. ("Golden Touch Imports"), pursuant to policy number 72UUNZ8746, insuring the commercial property at 600 Brighton Street, Fountain Hill, Pennsylvania 18015 (the "Subject Property"), against certain losses, including those incurred herein. A true and correct copy of the policy is attached hereto as **Exhibit A.**

6.    In or around 2022, MT Brunell purchased the Subject Property, which consists of a 22,489 square foot building with office and warehouse space.

7.    At the time of purchase, the Subject Property came with an existing Broan ceiling mounted ventilation fan (the "fan") installed in one of the bathrooms.

8.    At all times relevant hereto, MT Brunell and Golden Touch Imports held ownership and/or insurable interests in the Subject Property.

9.    On or about July 9, 2024, a fire originated within the fan enclosure, causing significant property damage to the Subject Property.

10.    The fan is equipped with a motor containing four windings and a thermal protection

50909836v.1

device[1], a critical safety component designed to open the electrical circuit and interrupt power when temperatures rise to unsafe levels, thereby preventing overheating and fire.

11.    An investigation into the fire's origin and cause determined that electrical arcing within the motor windings ignited the winding insultation and accumulated lint within the motor assembly.

12.    The thermal cutoff failed to interrupt electrical power before the winding temperatures exceeded safe limits.

13.    After ignition occurred within the motor, flames spread to the fan housing, extended into the ductwork, and then spread to the surrounding structural components.

14.    The failure of the thermal cutoff created a foreseeable and unreasonable risk of overheating, electrical arcing, and ignition.

15.    Broan designed, manufactured, distributed, marketed, and placed the fan and its component parts into the stream of commerce, for use by consumers for their intended and ordinary purpose.

16.    Following the fire, MT Brunell and Golden Touch Imports submitted a claim to Hartford seeking coverage for the resulting losses.

17.    Hartford honored the claim and issued insurance claim payments totaling $601,266.88 for the covered damages.

18.    Pursuant to the terms of the policy and principles of legal and equitable subrogation, Hartford is subrogated to the extent of its payments, to the rights of its insureds against Defendant.

## <u>COUNT I – STRICT LIABILITY</u>

19.    Plaintiff incorporates the allegations contained in the preceding paragraphs as if

---

[1] A thermal protection device is commonly referred to as a thermal fuse or thermal protector or thermal cutoff.

50909836v.1

set forth at length herein

20.     Broan designed, engineered, developed, manufactured, assembled, tested, inspected, packaged, marketed, distributed, supplied, sold, and/or placed into the stream of commerce the fan in a dangerously defective condition.

21.     At the time the fan was placed into the stream of commerce, it was in the same dangerously defective and hazardous condition as when it left Broan's possession and/or control.

22.     Broan is strictly liable under § 402(A) of the Restatement (Second) of Torts because:

     a.  Broan is and was engaged in the business of designing, manufacturing, assembling, selling and/or distributing ceiling mounted ventilation fans; and

     b.  Broan created, designed, manufactured, assembled, sold, distributed and/or placed into the stream of commerce the fan.

23.     Broan is strictly liable under § 402(A) of the Restatement (Second) of Torts because the defects present at the time the fan was sold, distributed, or placed into the stream of commerce include, but are not limited to:

     a.  designing, manufacturing, assembling, selling and/or distributing the fan in a defective condition that was unreasonably dangerous for its intended and foreseeable users;

     b.  designing, manufacturing, assembling, selling and/or distributing a fan that posed an unreasonable risk of fire due to its tendency to overheat, electrically arc, and ignite under foreseeable conditions;

     c.  designing, manufacturing, assembling, selling, and/or distributing a fan with defective and inadequate safety protective features, including but not limited to:

- 4 -

1. the absence of a functional and adequate thermal protection device to interrupt power and prevent overheating and fire;

2. the use of a thermal cutoff with an improper temperature rating;

3. failing to make an adequate thermal connection between the thermal cutoff and the motor windings; and

4. the use of a single thermal cutoff to protect a motor containing four windings;

d. designing, manufacturing, assembling, selling, and/or distributing the fan with inadequate insulation and component materials; including insulation and materials that were not sufficiently flame resistant;

e. designing, manufacturing, assembling, selling, and/or distributing the fan in a manner that failed to adequately enclose and protect the motor and electrical components from dust, debris, and lint, thereby increasing the risk of overheating and ignition;

f. designing, manufacturing, assembling, selling, and/or distributing the fan in violation of the risk utility test, in that the foreseeable risk of harm posed by the fan outweighed its utility and could have been reduced or avoided through the adoption of a reasonable alternative design; and

g. designing, manufacturing, assembling, selling, and/or distributing the fan in violation of the consumer expectations test, in that the fan was more dangerous that an ordinary consumer would reasonably expect when used in an intended or reasonably foreseeable manner.

24. Broan is strictly liable for the fire that occurred at the Subject Property, resulting in damages totaling $601,266.88.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in the amount of $601,266.88 plus interest and any such other relief as this Court deems appropriate under the

- 5 -

50909836v.1

circumstances.

## COUNT II: NEGLIGENCE

25.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if set forth at length herein.

26.     Broan designed, manufactured, sold, and/or otherwise supplied the fan installed at the Subject Property in a defective and unreasonably dangerous condition.

27.     Broan knew or should have known that the fan was or was likely to be dangerous for the use for which it was supplied.

28.     Broan knew or should have known that commercial property owners and occupants such as Hartford's insureds and/or their tenants would use the product and be endangered by its use.

29.     It was foreseeable that Hartford's insureds and their property would be at risk of injury from the unreasonably dangerous condition of the fan.

30.     Broan knew or should have known that the fan was dangerous to an extent beyond that which would be contemplated by the ordinary consumer and user.

31.     Broan owed a duty to design, manufacture, sell, and/or otherwise supply a product that was free from defects and safe for its intended purpose.

32.     The fire at the Subject Property and resulting damages were the direct and proximate result of the negligent and/or carless acts and omissions of Broan, which consisted of one or more of the following:

      a.  designing, engineering, manufacturing, assembling, testing, inspecting, marketing, and selling the fan in a defective condition;

      b.  failing to use due care in the selection of materials used in the fan and its components including the use of inadequate and insufficiently flame-resistant

- 6 -

materials in the motor windings and insulation;

c. designing, manufacturing, assembling, selling, and/or distributing the fan in a manner that failed to adequately enclose and protect the motor and electrical components from dust, debris, and lint, thereby increasing the risk of overheating and ignition

d. failing to design and manufacture the fan with safeguards, and protective devices to prevent overheating, electrical arcing, ignition, and fire, including the failure to incorporate reasonable and appropriate shut off mechanisms;

e. failing to adequately test and inspect the fan, including the failure to evaluate operating temperatures, electrical performance, and fire risk under foreseeable conditions, including exposure to dust, lint, and debris.

f. failing to implement and maintain adequate quality control procedures to prevent defective fans and components from being placed into the stream of commerce;

g. failing to provide adequate warnings or instructions regarding the fan's safe use, known or foreseeable fire risks, and post sale dangers associated with the fan;

h. representing, expressly or implicitly, that the fan was safe and reliable for its intended use, thereby inducing reliance by the public and Plaintiff's insureds;

i. failing to comply with applicable federal, state, and local codes, regulations, industry standards, and generally accepted safety and engineering practices; and

j. failing to use due care in the hiring, training, and supervision of employees responsible for the design, manufacture, testing, inspection, and quality control of the fan.

33. Broan's breach of duty was a direct and proximate cause of the fire and resulting

- 7 -

50909836v.1

losses.

WHEREFORE, Plaintiff demands judgment against Defendant for damages in the amount of $601,266.88 plus interest and any such other relief as this Court deems appropriate under the circumstances.

## JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury for all issues presented in this matter.

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY: Melissa Kenney

Melissa E. Kenney, Esq. (PA Bar No. 327968)
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, Pennsylvania 19103
215-864-6327
kenneyme@whiteandwilliams.com
*Attorneys for Plaintiff,*
*Hartford Fire Insurance Company as*
*subrogee of MT Brunell LLC and Golden*
*Touch Imports, Inc.*

Dated: May 11, 2026

- 8 -

50909836v.1